**Order entered October 9, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00990-CR

### DAVID LEE RICKERSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F18-76037-M

## ORDER

Appellant has filed a September 5, 2019 motion for the Court to determine whether it has jurisdiction over the appeal. The State has filed a response and appellant has filed a reply addressing the State's response.

In his motion, appellant reports he was originally charged with capital murder. A plea agreement was signed showing appellant agreed to plead guilty to murder on an open plea to the jury. Appellant was convicted and sentenced to imprisonment for life.

The trial court initially prepared a certification of the right to appeal showing there was no plea bargain and appellant had a right to appeal. Appellant filed his notice of appeal and appellate counsel was appointed to represent him. Appellate counsel represents in the motion that he learned from trial counsel that, prior to trial, appellant agreed with the State to waive his

right to appeal in exchange for the State agreeing to drop the capital murder charge and proceed to a jury on the open plea to a murder charge.

According to appellate counsel, on August 23, 2019, an informal hearing occurred to address the plea agreement issue. The hearing was not recorded and the only written documentation of its result are a docket sheet entry from the trial court judge stating appellant had acknowledged he waived his right to appeal in exchange for the State reducing the capital murder charge to murder and an email from the trial court coordinator relaying the trial court judge's recollection to appellate counsel.

Appellant contends that his waiver of the right to appeal could not have been voluntarily, knowingly, and intelligently made because it was made pretrial and thus he could not know in advance what errors would occur during his pending trial proceeding. Appellant questions whether the waiver of such a critical right should be enforceable if it was not reduced to writing and was not discussed in open court so as to ensure appellant's understanding of the rights he was waiving. Appellant contends that under the unusual circumstances of this case, it would be inequitable to allow the waiver to foreclose his appeal as to the punishment phase of trial. Appellant challenges the adequacy of the State's consideration for the waiver. The State contends appellant received sufficient consideration for the waiver of his right to appeal and the existence of the waiver is confirmed by the trial court's memorialization of it in the docket sheet.

There is no record before the Court other than what the parties have attached as exhibits to the motion and response. To aid the Court in resolving appellant's motion, we **ORDER** the Dallas County District Clerk to file the clerk's record within **FIFTEEN DAYS** of the date of this order.

There being no reporter's record of the informal hearing in which appellant stated to the trial court that he waived his right to appeal, we **ORDER** the trial court to conduct an evidentiary hearing and prepare findings of fact and conclusions of law regarding (1) whether appellant and the State entered into a plea bargain agreement in which appellant agreed to waive his right to appeal in exchange for consideration from the State; (2) whether any such agreement between appellant and the State was reduced to writing; (3) the terms of any such agreement; (4) whether appellant entered the agreement knowingly, intelligently, and voluntarily; and (5) the State's motivations and consideration for any agreement with appellant.

We further **ORDER** the trial court to transmit, within **THIRTY DAYS** of the date of this order, a supplemental clerk's record containing a copy of the trial court's findings of fact and conclusions of law and a supplemental reporter's record of the evidentiary hearing.

We **ABATE** the appeal to allow the trial court to conduct the hearing as ordered above. The appeal will be reinstated when the supplemental clerk's record containing the trial court's findings is received or at such other time as the Court deems appropriate.

Upon reinstatement of the appeal, the Court will determine whether it has jurisdiction.

We **DIRECT** the Clerk of the Court to transmit a copy of this order, by electronic transmission to the Honorable Ernest White, Presiding Judge, 194th Judicial District Court; to Belinda Baraka, official court reporter, 194th Judicial District Court; to Felicia Pitre, Dallas County District Clerk; and to counsel for the parties.

/s/     LANA MYERS
          JUSTICE